CAUSE NO. _____ C-2700-21-I

| | | |
|---|---|---|
| **MICHAEL M. MCKISSACK,** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| **HOME DEPOT U.S.A., INC.,** § | | |
| *Defendant.* § | | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **MICHAEL M. MCKISSACK**, hereinafter referred to as "Plaintiff", complaining of **HOME DEPOT U.S.A., INC.**, hereinafter referred to as "Defendant", and files this his Original Petition, and for cause of action respectfully show the Court as follows:

### I. DISCOVERY CONTRAL PLAN

Plaintiff intends to conduct discovery under Level Three (3) pursuant to Rule 190, Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff, **MICHAEL M. MCKISSACK,** is an individual who resides in Hidalgo County, Texas.

Defendant, **HOME DEPOT U.S.A., INC.,** is a domestic corporation formed in Delaware and authorized to do business in the State of Texas and may be served with process by serving its Registered Agent, Corporation Service Company D/B/A CSC-LAWYERS INCO, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, by registered mail, return receipt requested.

1

Exhibit B-2

C-2700-21-I

### III. JURISDICTION & VENUE

This court has jurisdiction over the claims alleged because the amount in controversy exceeds this court's minimum jurisdictional requirements.

Venue is proper in Hidalgo County, Texas, under Civil Practice & Remedies Code section 15.002(a)(1), because all or a substantial part of the acts or omissions giving rise to the claim occurred in Hidalgo County, Texas.

### IV. FACTS

Plaintiff was a business invitee at the Home Depot located at 1500 W. Exp. 83, Weslaco, Hidalgo County, Texas. At all times material to this action, Defendant owned, operated and/or managed this premises and building where the incident in question occurred and is responsible for the maintenance and repairs on the premises.

On or about July 10, 2021, Plaintiff was doing maintenance and repairs on the HVAC system at the said location when a roof latch became unhinged and violently struck down on Plaintiff. At all times relevant, Plaintiff exercised ordinary care and did not cause or contribute to his injuries. The hinges on the roof hatch were not properly maintained by Defendant. Due to the negligent actions or inactions of Defendant, Plaintiff suffered significant personal injuries as described below.

### V.

### CUASES OF ACTION

**1. VICARIOUS LIABILITY/AGENCY/SCOPE**

Whenever it is alleged in this Petition that any officer, employee, agent, supervisor or other person employed or contracted with Defendant committed or failed to commit any act, it is alleged that those acts were the acts of Defendant pursuant to

2

C-2700-21-I

the doctrines of *respondent superior*, agency, vicarious liability and vice-principal liability. In all circumstances, the acts or omissions complained of were committed or omitted in the course and scope of the actor's employment with Defendant.

## 2. NEGLIGENCE

At all times material to this action, **Home Depot U.S.A., INC.,** had actual or construction knowledge of the hinges on the roof latch on its premises. Said condition posed an unreasonable risk of harm to business invitees, including Plaintiff. Defendant failed to exercise ordinary care to reduce or eliminate the risk of harm to business invitees, including Plaintiff, and Defendant's failure to use such care proximately caused Plaintiff's injuries and damages as set our more fully below.

Defendant owed duties to Plaintiff, including but not limited to the duty to exercise advisory care, duty to ensure safe area and a duty to provide reasonably safe premises.

## VI. DAMAGES

As a result of the negligence of the Defendant, Plaintiff has sustained, and in reasonable probability, will sustain in the future the following damages that exceed the minimum jurisdictional limits of the court:

- a. Pain and suffering in the past and that in reasonable probability will be sustained in the future;

- b. Mental anguish in the past and that in reasonable probability will be sustained in the future;

- c. Reasonable and necessary medical expenses in the past and that in reasonable probability will be sustained in the future;

- d. Lost wages in the past and that in reasonable probability will be sustained in the future;

- e. Loss of wage and earning capacity in the past and that in reasonable probability will be sustained in the future;

C-2700-21-I

    f.    Loss of enjoyment of life in the past and that in reasonable probability will be sustained in the future; and

    g.    Disfigurement.

Plaintiff seeks monetary relief over $1,000.000.00, including any penalties, court costs, expenses, prejudgment interest and attorneys fees.  However, Plaintiff will reserve the right to file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be adjusted.

## VII.  REQUESTS FOR DISCLOSURE

Plaintiff demands a trial by jury in connection with the claims against Defendant and will tender a jury fee as allowed by law.

## VIII.  REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, **Defendant** is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rule of Civil Procedure.

## IX.  PRAYER

**WHEREFORE, PREMISES CONSIDERED, Plaintiff MICHAEL M. MCKISSACK** prays that Defendant be cited to appear and answer, and that on final trial of this case, the Court grant:

    a.    judgment against Defendant for an amount compensating Plaintiff for his actual damages and injuries;

    b.    exemplary damages, as determined by the jury;

    c.     prejudgment interest as allowed by law;

    d.     interest on said judgment at the legal rate from date of judgment;

    e.    costs of suit herein; and

Case 7:21-cv-00297   Document 1-3   Filed on 08/06/21 in TXSD   Page 5 of 5

Electronically Filed
7/9/2021 5:53 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2700-21-I

f.  such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LAW OFFICE OF DENNIS RAMIREZ**
111 N. 17th St., Suite D
Donna, Texas 78537
Tel: (956) 461-2890
Fax: (956) 287-3245
E-mail: dramirezlaw@gmail.com

*/s/ Dennis Ramirez*
DENNIS RAMIREZ
State Bar No. 24037327
**ATTORNEY FOR PLAINTIFF**

5